# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF KANSAS

| | |
|---|---|
| LNV CORPORATION, | ) CONSOLIDATED CASES |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 09-2471-JAR |
| | ) |
| MARK E. CURRY and | ) |
| WILLIAM J. DUGAN, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |
| | ) |
| MARK E. CURRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 09-2522-JAR |
| | ) |
| LNV CORPORATION and | ) |
| CLMG CORPORATION, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## ORDER AND NOTICE OF TRIAL SETTING AND DEADLINES FOR PRETRIAL SUBMISSIONS

**This case is set for trial on October 3, 2011, at 9: 00 a.m.** The case will be tried in the Kansas City Division, Robert J. Dole United States Courthouse, 500 State Avenue, Kansas City, Kansas before the Honorable Julie A. Robinson. **This is a firm trial date.**

The deadlines for pretrial submissions are set out in the following table.

These deadlines are **firm and mandatory**. These deadlines are calculated as calendar dates. Thus, for example, all submissions due 7 days before trial are due 7 calendar days before trial without regard to intervening holidays or weekends.

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Trial | October 3, 2011 |
| Final witness & exhibit disclosures | 28 days before trial |
| Objections to final witness & exhibit disclosures | 21 days before trial |
| Exhibits marked | 7 days before trial |
| Deposition testimony designated | 28 days before trial |
| Objections to deposition designations, along with any counter-designations | 21 days before trial |
| Objections to counter-designations of deposition testimony | 14 days before trial |
| Submission of disputes concerning designated deposition testimony | 7 days before trial |
| Motions in limine | 21 days before trial |
| Briefs in opposition to motions in limine | 14 days before trial |
| Proposed jury instructions | 28 days before trial |
| Objections to proposed jury instructions | 21 days before trial |
| Preliminary sets of proposed findings of fact and conclusions of law in bench trials | 14 days before trial |
| Proposed voir dire questions | 14 days before trial |
| Objections to proposed voir dire questions | 7 days before trial |
| Joint Statement of case for use during voir dire | 7 days before trial |

Counsel are directed to stay in contact with Pam Patton, Courtroom Deputy/Judicial Assistant at KSD_Robinson_Chambers@ksd.uscourts.gov, to keep

the Court advised of the likelihood of settlement, and the estimated trial time. If a courtroom number is not listed above, Ms. Patton will provide counsel with the courtroom number once it is determined.

For further direction, see the attached ***Guidelines for Civil and Criminal Proceedings Before Judge Julie A. Robinson.***

Dated: September 14, 2010

                                              S/ Julie A. Robinson
                                              JULIE A. ROBINSON
                                              UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

# GUIDELINES FOR CIVIL AND CRIMINAL PROCEEDINGS
# BEFORE JUDGE JULIE A. ROBINSON
# July 2010

## Contacting Chambers
Counsel should never contact chambers for purposes of seeking relief; counsel should seek relief by filing a motion or other appropriate pleading. Should counsel need to contact chambers for other purposes, counsel should send an email to Judge Robinson's courtroom deputy, Pamela Patton, at KSD_Robinson_Chambers@ksd.uscourts.gov, and copy all other counsel on the email, except in those rare instances when ex parte contact with the court is permissible under the law. Except in emergency situations, counsel should refrain from contacting chambers by telephone.

## Motions for Temporary Restraining Orders and/or Preliminary Injunctions
Counsel are reminded that D. Kan. Rule 65.1 governs requests for Temporary Restraining Orders (TRO). If a motion seeks a TRO or Preliminary Injunction in the alternative, the Court will treat the request as one for Preliminary Injunction, unless movant complies with the requirements of Fed. R. Civ. P. 65(b). Counsel for the moving party should contact chambers via email to request a hearing, with a copy of the request to opposing counsel, if an appearance has been entered.

## Deadlines for Submissions due before Civil Trials
The deadlines in the Standard Pretrial Order are hereby modified by this Court. The deadlines for pretrial submissions are:

| SUMMARY OF DEADLINES AND SETTINGS ||
|---|---|
| **Event** | **Deadline/Setting** |
| Trial | October 3, 2011 |
| Final witness & exhibit disclosures | 28 days before trial |
| Objections to final witness & exhibit disclosures | 21 days before trial |
| Exhibits marked | 7 days before trial |
| Deposition testimony designated | 28 days before trial |
| Objections to deposition designations, along with any counter-designations | 21 days before trial |
| Objections to counter-designations of deposition testimony | 14 days before trial |

| Event | Deadline/Setting |
|---|---|
| **Submission of disputes concerning designated deposition testimony** | **7 days before trial** |
| **Motions in limine** | **21 days before trial** |
| **Briefs in opposition to motions in limine** | **14 days before trial** |
| **Proposed jury instructions** | **28 days before trial** |
| **Objections to proposed jury instructions** | **21 days before trial** |
| **Preliminary sets of proposed findings of fact and conclusions of law in bench trials** | **14 days before trial** |
| **Proposed voir dire questions** | **14 days before trial** |
| **Objections to proposed voir dire questions** | **7 days before trial** |
| **Joint Statement of case for use during voir dire** | **7 days before trial** |

**Marking Exhibits in Civil Cases prior to trial**
**All exhibits must be marked and exchanged on or before seven (7) days before trial. If the parties desire to mark the exhibits in the presence of the courtroom deputy, the parties must jointly request at least fourteen (14) calendar days before trial, by contacting Pam Patton, Courtroom Deputy/Judicial Assistant for Judge Robinson, at KSD_Robinson_Chambers@ksd.uscourts.gov.**

**Marking of Exhibits in Criminal Cases prior to trial**
**All exhibits must be marked and exchanged at least seven (7) calendar days before the first day of the firm trial setting in criminal cases. If a marking session is requested to be conducted by the courtroom deputy, counsel are directed to coordinate a mutually convenient time, then contact Pam Patton, Courtroom Deputy/Judicial Assistant for Judge Robinson, KSD_Robinson_Chambers@ksd.uscourts.gov.**

**Numbering of Exhibits in Civil and Criminal Cases prior to trial**
**Exhibits shall be numbered as follows: Nos. 1-400 are reserved for the plaintiff(s); Nos. 401-800 are reserved for defendants(s); and, Nos. 801 and higher are reserved for a third party. Joint Exhibits shall be identified alphabetically. Counsel shall prepare and use their own exhibit stickers, but said exhibit sticker shall identify either "Plaintiff's Exhibit" or "Defendant's Exhibit" or "Joint Exhibit," the exhibit number, and the case number. If the parties anticipate that their exhibits will exceed the number allotted, please contact the courtroom deputy for further instructions before proceeding.**

**Final Witness and Exhibit Lists**
**Final witness and exhibit lists are to be limited to those witnesses the parties intend to call and exhibits they intend to use at trial. They are not to be comprehensive lists of all persons who have knowledge of some aspect of the case and all documents and other items in the parties' possession or which were produced in discovery.**

**If a previously disclosed witness or document is not listed in the final witness or exhibit list, but that exhibit or witness becomes important to some issue in the case, the Court will not penalize the moving party if that party acted in good faith in generating its witness and exhibit lists. Parties must confer and agree on what exhibits will be admitted without objection and be prepared to offer those exhibits on the first day of trial to facilitate efficient use of time. The parties should provide one list of the agreed exhibits to the courtroom deputy on the first day of trial.**

**Providing Copies of Exhibits and Exhibit Form to Court in Civil and Criminal Cases prior to trial**
**Counsel shall provide a copy of all exhibits for Judge Robinson and an additional copy for the law clerk assigned to the case. These copies shall be marked, as noted above, and submitted in a 3-ring binder. An exhibit list form can be found on the Court's website, at www.ksd.uscourts.gov. under the section for Judge Robinson's chambers. Counsel may use this form or one duplicating this format as long as all the information is contained in the duplicated form. Counsel shall provide three (3) copies of the exhibit list on the day of trial**

**Proposed Jury Instructions Submitted in Civil and Criminal Cases prior to trial**
**Proposed instructions in jury cases shall be submitted in compliance with Fed. R. Civ. P. 51 (Fed. R. Crim. P. 30 in criminal cases) and D. Kan. R. 51.1. Under D. Kan. R. 51.1, the parties have the joint responsibility to submit one agreed set of final instructions that specifically focuses on the parties' factual contentions, the controverted essential elements of any claims or defenses, damages, and any other instructions unique to this case. This requirement is not optional and must be completed according to the Court's pretrial deadlines. In the event of disagreement, each party shall submit its own proposed instructions with a brief explanation, including legal authority as to why its proposed instruction is appropriate, or why its opponent's proposed instruction is inappropriate, or both. This explanation shall not exceed one page in length. Counsel is discouraged from relying on case law language in its proposed instructions. The Court expects counsel to point to legal authority for the proposed instruction itself, not for the point of law stated in the instruction.**

**In civil cases, proposed jury instructions shall be submitted on or before 28 days before trial. In civil cases, you may access Judge Robinson's standard or stock instructions at www.ksd.uscourts.gov. under the section for Judge Robinson's chambers. You need not submit proposed instructions that are covered in the stock instructions ( for example, instructions concerning the jury's deliberations, the evaluation of witnesses' credibility). The Court's standard or stock instructions DO NOT include claim-specific instructions; it is the parties' responsibility to propose such instructions.**

**In criminal cases, the deadline for pretrial submission of jury instructions is set by the Court in its General Order of Discovery and Scheduling. In criminal cases, you may access Judge Robinson's standard or stock instructions at www.ksd.uscourts.gov. under the section for Judge Robinson's chambers. You need not submit proposed instructions that are covered in the stock instructions (for example, instructions concerning the jury's deliberations, the evaluation of witnesses' credibility, the burden of proof). The Court's standard or stock instructions DO NOT include offense-specific instructions; it is the parties' responsibility to propose such instructions.**

**To be considered timely filed the parties in civil and criminal cases must do two things by the filing deadlines: (1) electronically file the proposed instructions; and (2) submit the proposed**

instructions (formatted in WordPerfect 9.0, or an earlier version) as an attachment to an e-mail sent to KSD_Robinson_Chambers@ksd.uscourts.gov.

## Conduct and Decorum in Trial and Hearings

Counsel shall stand at all times when addressing the Court. Counsel shall also stand when the jury enters and exits and when the Court enters and exits.

If counsel wishes to approach the bench, counsel shall request permission to do so, and approach only when such permission is granted.

When the Court has ruled on a matter, counsel shall not continue making arguments about the objection or display behavior that is disrespectful to the Court and the administration of trial.

Counsel shall refrain from commenting on the Court's rulings, witness testimony, opposing counsel, or the evidence, as such editorialization and verbal commentary is always inappropriate.

Counsel and everyone seated at counsel's tables shall refrain from any behavior that will disrupt the flow of evidence or interrupt the jury's concentration. This includes snickering, laughing, or any other unprofessional behavior that could potentially distract the jury.

Soft drink cans or bottles, cups with logos, straws and food are not permitted in the courtroom. The Court provides cups for water. Boxes and briefcases should not be placed on counsel tables during the court session.

Only licensed attorneys and court interpreters presenting appropriate paperwork may bring cellular phones into the courthouse. Please review the Court's policy on electronic devices for more details.

## Daily Trial Schedule

Depending on the length and complexity of the trial and press of other court business, the trial hours may vary. In some cases, the trial may run from 9 a.m. to 5 p.m. each day; in other cases the trial may run from 8:30 a.m. to 1:30 p.m. with a short break but no lunch break; other trials may have a combination of these eight hour and five hour days. In a status conference conducted shortly before the trial, the Court will provide specific detail about the trial schedule.

## Jury Utilization, Objections, Bench Conferences, Witness Scheduling

The Court's goal is that the jury will hear as much uninterrupted testimony as possible each day of trial. The chief cause of trial delay is the bench conference, which interrupts the presentation of evidence to the jury. The Court hopes to hear and decide all legal issues without disrupting the continuity of trial.

Bench conferences will be kept to a minimum. Absent a compelling reason to do so immediately, records will be made during a recess or at the end of the day.

Matters to be discussed outside the presence of the jury will not be considered during the hours designated for trial. Any matters to be considered outside the presence of the jury should be scheduled for 8:30 a.m., or a recess during lunch, breaks, or after the conclusion of the day of trial, with advance notice to the Court and all counsel. If at all possible, anticipate and consult

with opposing counsel about any concern before asking the Court for a conference.

Counsel shall not make narrative objections. Objections and responses should be abbreviated and direct, and not in the form of a sentence or longer. State only "objection" followed by the basis. Examples of objections include "hearsay," "leading," "Rule 404(b)," "privilege," and "argumentative." Response examples include "weight over admissibility," "foundational," "will connect up," "business records exception," and "goes to intent and motive."

In order to have sufficient time to anticipate legal issues, witnesses and exhibits expected to be used in the trial should be disclosed to opposing counsel no later than 5:30 p.m. the day before. This will ensure that counsel has the opportunity to raise an issue the next day either before the jury is seated or during one of the recesses. This obligation to confer will not operate to preclude counsel from calling witnesses in a different order or more or fewer witnesses than those anticipated, so long as counsel make a good faith effort to disclose the witnesses they reasonably anticipate calling the next day.

Counsel must ensure that sufficient witnesses are present to guarantee a full day of testimony. There should be no dead time caused by running out of witnesses. It is preferable to inconvenience a witness by having them return the following day, rather than to send an entire jury home due to lack of witnesses.

## Court Reporter

Give your business card to the court reporter before the proceeding begins. If you or your witness will be using technical, medical or unusual terms, please provide a glossary of those terms to the Court and the court reporter prior to trial

## Court Uses Struck Method of Jury Selection

In civil trials, the Court will instruct the clerk to place fourteen (14) persons in the jury box, and after voir dire, and passing on all challenges for cause, plaintiff(s) will be allowed three (3) peremptory challenges and the defendant(s) will be allowed three (3) peremptory challenges, unless otherwise ordered by the Court. The peremptory challenges will be exercised in writing, in alternating fashion beginning with the plaintiff. Most civil jury trials will be tried to a jury of eight (8).

In criminal trials, the Court will instruct the clerk to place thirty-two (32) persons in the jury box, and after voir dire, and passing on all challenges for cause, the government will be allowed six (6) peremptory challenges and the defendant(s) will be allowed a total of ten (10) peremptory challenges; and the government will be allowed one (1) peremptory challenge of the alternates and the defendant(s) will be allowed a total of one (1) peremptory challenge of the alternates, unless otherwise ordered by the Court. The peremptory challenges will be exercised in writing, in alternating fashion beginning with the government. In most criminal trials, the Court will seat two alternates, in addition to the jury of twelve.

## Voir Dire

A listing of prospective jurors will be available to counsel one week in advance of the trial. This list will include: name, town of residence, and occupation. No further information will be provided.

In civil cases only, counsel shall prepare a joint statement in simple terms describing the nature of the case including the claims and defenses of the parties to be read by the Court during voir dire. This statement will be used to set the context of the trial for the jury. The statement of the case should not exceed three pages.

The Court will conduct a fairly extensive voir dire, asking questions about: prior jury service, knowledge of the case, knowledge of the people and parties involved in the case, prior and/or family involvement in litigation, occupation of prospective juror and of spouse, legal education or work experience, education or work experience in fields involved in the case.

The questions the Court propounds may be supplemented by questions asked by counsel. Each party is limited to thirty (30) total minutes of voir dire.

Counsel shall not argue the case, attempt to educate or indoctrinate, or pose questions about anticipated instructions or theories of law to the prospective jurors.

### Opening Statements
In most cases, opening statements will be limited to twenty (20) minutes total per party.

### Sequestered Witnesses
If a party invokes the rule for witness sequestration, counsel must assure that each of their witnesses understands that: (1) the witness may not discuss testimony which he or she expects to give or which he or she has given in this matter; (2) the witness may not discuss with another witness the testimony that any other witness has given or expects to give in this matter; (3) if any one attempts to discuss such testimony with the witness, the witness must advise counsel and/or notify the Court as soon as possible; and (4) the witness may discuss his or her testimony or anticipated testimony with counsel.

### Depositions
Original depositions and interrogatories with answers will be filed in open court as they are offered. Counsel is required to provide the original deposition or any part the deposition testimony that is read into evidence during trial.

### Examination of Witnesses
Pursuant to Local Rule 43.1(b) "only one attorney for each party may participate in the examination or cross-examination of a witness." Counsel will use the lectern, unless otherwise permitted by the Court. Counsel shall not greet witnesses and shall not use a witness's first name. Permission to approach a witness during question is not necessary. If you intend to question a witness regarding a number of documents, please have all documents ready during your examination of that witness.

### Admission, Use and Custody of Exhibits
Counsel will maintain custody of the exhibits until they have been admitted into evidence. After admittance, the courtroom deputy will assume custody. Counsel shall also provide file folders marked, as noted above, to the courtroom deputy for the original exhibits. These file folders will be used to keep the exhibits in order throughout the trial as well as to make accessability to exhibits quicker and easier for counsel and the Court. The courtroom deputy will maintain a master index for each party of all exhibits that have been identified, offered and admitted

throughout the trial. Counsel or his/her staff may, and are encouraged to, check these lists as the trial progresses.

At the close of all evidence, the courtroom clerk will provide counsel a final listing of all admitted exhibits. At the conclusion of trial, counsel must remove all bulky, oversized, sensitive or dangerous materials admitted into evidence (D. Kan. Rule 79.3), by motion to withdraw. At the conclusion of trial, counsel shall be prepared to retrieve the Judge and law clerk copies of exhibits, unless otherwise advised by the courtroom deputy.

### Equipment in Courtroom
Most of the courtrooms in the Wichita, Topeka and Kansas City divisions are equipped with an AMX Presentation System which includes a WolfVision Elmo system (or a similar system) that displays documents, whether in paper form or computer-generated documents from your personal laptop. The system is equipped to play DVD and VHS recorded evidence. There are also computer monitors located throughout the courtroom. The equipment is simple to use and training can be arranged by contacting Pam Patton at [KSD_Robinson_Chambers@ksd.uscourts.gov](mailto:KSD_Robinson_Chambers@ksd.uscourts.gov).

### Jury Instruction Conference
The parties will participate in an informal instruction conference with the law clerk assigned to the case prior to the close of evidence. At this time, the parties shall be prepared to discuss any and all objections to the jury instructions. The Court will not entertain objections to jury instructions that are not raised by the filing deadlines and at the informal conference. At the close of all evidence and after ruling on all appropriate motions, final arguments on proposed jury instructions will be heard by the Court. This formal instruction conference is not an opportunity for the parties to raise arguments that were not raised in either their filings or at the informal instruction conference.

### Court Instructs Jury Before Closing Arguments
The Court will read the instructions to the jury before closing arguments by counsel. Thus, the parties are allowed to read and publish instructions to the jury during their closing arguments.

### Closing Arguments
In most cases, closing arguments will be limited to thirty (30) minutes per party. Because the Court instructs before closing arguments, counsel may refer to, read or publish the jury instructions to the jury during closing argument.

### Contact with Jurors
Once the jury has been sworn to try the case, each will be given a pin which reads JUROR. Counsel will make every effort to avoid any kind of contact with any member of the jury, innocent or otherwise. If such contact should occur, counsel is obligated to inform the Court immediately.

Counsel are reminded that D. Kan. Rule 47.1 governs communications with jurors after trial, and that absent order by the Court granted upon good cause shown, parties, counsel, or their agents or employees shall not examine or interview any juror, either orally or in writing.